HARRIS, Chief Judge.
Walter A. Neuman brings this timely appeal from a final judgment and order of contempt. The primary issue determined at trial was the custody of the children and visitation for the nonresidential parent.
The issue of which parent would be the residential parent was hotly contested until the parties agreed that the father would have “unlimited” visitation. Based on this understanding, the father agreed that the mother could be named residential parent but that he should have a minimum of three weekends per month and the entire summer vacation excluding two weeks with the mother. The mother, while agreeing that the father’s visitation should be “essentially unlimited,” nevertheless did not agree as to what the minimum visitation should be. The court, instead of rejecting the incomplete stipulation, proceeded to trial and awarded the father “unlimited visitation” with the children which included a minimum of alternate weekends and five weeks each summer.
When the father attempted to keep the children in excess of five weeks in the summer, he was (at a contempt hearing) ordered to immediately return the children to their mother. One wonders how, if the father has unlimited (as opposed to liberal or reasonable) visitation with a minimum (as opposed to maximum) of five weeks during the summer, he can be held in contempt for keeping the children longer than the five-week minimum period.
The problem is that the judgment itself is inconsistent and therefore fails to clearly apprise either party of their rights under it. As worded, the judgment permits the “unlimited” visitation to subsume the residential custody. This is the problem of attempting to give effect to an incomplete and confusing stipulation. The judgment as to visitation and designation of residential parent must be reversed for rehearing. Because the parties waived the issue of which should be the residential parent due to the proposed stipulation, at rehearing both parents should be permitted to contest for that position. The visitation for the nonresidential parent should be determined in such a way that there can be no doubt as to the rights of both parents.
REVERSED and REMANDED for a rehearing on the issue of residential custody and visitation.
COBB and W. SHARP, JJ., concur.